ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 APR 23 P 3 41
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROBERT EUGENE CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-008 |
| | ) | |
| BRAD HOOKS, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 10). The Magistrate Judge recommended dismissal of Plaintiff's complaint for failure to exhaust administrative remedies prior to the commencement of his case because he stated that he was currently waiting on a response to the "final appeal" of his formal grievance. (Doc. no. 8, pp. 5-6.)

Faced with the dismissal of his complaint, Plaintiff has now submitted objections asserting that he has, in fact, complied with the grievance procedures and fully exhausted his administrative remedies. (See doc. no. 10.) Plaintiff's unsworn assertions in his objections directly contradict Plaintiff's repeated statements in his complaint concerning exhaustion, which were sworn under penalty of perjury. (Doc. no. 1, p. 4.) The Court finds the unsworn allegations in his objection to be without a factual basis and therefore

frivolous.[1] See Sturdivant v. Choctaw Cnty., Ala., CIV.A. 12-0681-CB-B, 2014 WL 289168, at *2 n.2 (S.D. Ala. Jan. 27, 2014) (holding that unsworn allegations in amended complaint that directly contradicted sworn allegations in original complaint were frivolous). Furthermore, nowhere does Plaintiff assert in his objections that he completed exhaustion *prior* to filing his complaint. See Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008) (*per curiam*) (holding that the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit). Indeed, Plaintiff's concessions concerning the status of the grievance process in his complaint correlate with the timeline of the grievance process, as he submitted his complaint only a month and a half after the alleged event occurred. (See doc. no. 1.)

Additionally, the Court denies Plaintiff's request to amend his complaint "to show complete exhaustion." (Doc. no. 10, p. 2.) A party is allowed to amend his pleading once, as a matter of course, at any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a). However, allowing Plaintiff to amend his complaint here with contradictory, unsworn statements because he is faced with dismissal would circumvent the Court's authority to manage its docket. Cf. Brown v. Overstreet, CV 107-113, 2008 WL 282689, at *2 n.2 (S.D. Ga. Jan. 30, 2008) ("[A]llowing Plaintiff to amend his complaint to include the cases cited in the R&R at this time would circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history."); see also Harris v. Warden, 498 F. App'x 962,

---

[1] Plaintiff points to Grievance Number 162500 to summarily assert that he is in full compliance with the administrative exhaustion requirements, but has not submitted this grievance with his objections. (Doc. no. 10, p. 1.)

964-65 (11th Cir. 2012) (*per curiam*) (rejecting plaintiff's argument that district court abused its discretion by dismissing his complaint without prejudice as a sanction for abuse of the judicial process before "allowing him 'to correct' his failure to disclose his prior litigation history."). Plaintiff's request to amend is thus **DENIED**. (Doc. no. 10, p. 2.)

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** without prejudice for failure to exhaust administrative remedies, and this civil action is **CLOSED**.

SO ORDERED this 23rd day of April, 2014, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE